**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

**No. 11-4774**

———————————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

SHEM BAILEY, a/k/a Christopher Donald,

               Defendant - Appellant.

———————————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.   (1:07-cr-00496-MJG-1)

———————————————

Submitted: May 31, 2012          Decided: November 9, 2012

———————————————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————————————

Vacated and remanded by unpublished per curiam opinion.

———————————————

Marc Gregory Hall, HALL & CHO, P.C., Rockville, Maryland, for
Appellant.   Rod J. Rosenstein, United States Attorney,
Christopher M. Mason, Special Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shem Bailey appeals the 111-month armed career criminal sentence imposed following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Bailey does not dispute that he has sustained two convictions that qualify as predicate offenses under the Armed Career Criminal Act ("ACCA"). Bailey contends, however, that the district court erred in finding that his conviction for Maryland second-degree assault also qualified as a predicate offense for purposes of the ACCA. We vacate Bailey's sentence and remand to the district court for resentencing.

Pursuant to the ACCA, a person convicted under § 922(g)(1) who has sustained three or more prior convictions for violent felonies or serious drug offenses "shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1) (2006). A violent felony is any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i) (2006). We review de novo the district court's conclusion that Bailey's prior Maryland second-degree assault conviction was a predicate violent felony conviction for purposes of the ACCA. See United

States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009) (providing standard of review).

In determining that Bailey's Maryland second-degree assault conviction qualified as a predicate violent felony under the ACCA, the district court used the modified categorical approach and relied on documents Bailey contends were not approved by Shepard v. United States, 544 U.S. 13 (2005). We note that the district court did not have the benefit of our recent decision in United States v. Gomez, 690 F.3d 194, 200 (4th Cir. 2012) (holding that "the modified categorical approach applies only to those statutory offenses in which the statute itself is divisible"). Accordingly, we vacate Bailey's sentence and remand to the district court for resentencing in light of Gomez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED